DOUGLAS N. LETTER
GENERAL COUNSEL

TODD B. TATELMAN
DEPUTY GENERAL COUNSEL

MEGAN BARBERO
ASSOCIATE GENERAL COUNSEL

KRISTIN A. SHAPIRO
ASSISTANT GENERAL COUNSEL

BROOKS M. HANNER
ASSISTANT GENERAL COUNSEL

SARAH E. CLOUSE
ATTORNEY

**U.S. HOUSE OF REPRESENTATIVES**
**OFFICE OF GENERAL COUNSEL**
219 CANNON HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6532
(202) 225-9700
FAX: (202) 226-1360

May 3, 2019

**VIA CM/ECF**

Hon. Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Trump, et al. v. Deutsche Bank AG, et al.*, No. 1:19-cv-03826

Dear Judge Ramos:

Pursuant to Rule 24 of the Federal Rules of Civil Procedure and this Court's Rule 7.1(d), the Committee on Financial Services and the Permanent Select Committee on Intelligence (HPSCI) of the U.S. House of Representatives (collectively, Committees) seek leave to intervene in the above-captioned matter.[1] The Committees seek intervention as of right pursuant to Rule 24(a)(2) or, in the alternative, permissive intervention under Rule 24(b)(1)(B). All parties consent to the relief sought by the Committees' motion. If intervention is granted, the Committees will file an opposition to plaintiffs' motion for a preliminary injunction and otherwise participate fully in this action on the schedule already set by the Court. A proposed order is attached as Exhibit A.

Plaintiffs Donald J. Trump (in his individual capacity), Donald J. Trump, Jr., Eric Trump, Ivanka Trump, the Donald J. Trump Revocable Trust, the Trump Organization, Inc., Trump Organization LLC, DJT Holdings LLC, DJT Holdings Managing Member LLC, Trump Acquisition LLC, and Trump Acquisition, Corp. (collectively, Trump or plaintiffs) filed this suit to challenge the validity of subpoenas issued by the Committees to defendant Deutsche Bank AG and by the Financial Services Committee to defendant Capital One Financial Corp. Trump wishes to prevent the banks from producing any documents to the Committees in response to the

---

[1] The Bipartisan Legal Advisory Group (BLAG) of the U.S. House of Representatives has authorized the Committees' intervention in this matter. BLAG comprises the Honorable Nancy Pelosi, Speaker of the House, the Honorable Steny H. Hoyer, Majority Leader, the Honorable James Clyburn, Majority Whip, the Honorable Kevin McCarthy, Republican Leader, and the Honorable Steve Scalise, Republican Whip, and "speaks for, and articulates the institutional position of, the House in all litigation matters." Rule II.8(b), Rules of the U.S. House of Representatives (116th Cong.), https://tinyurl.com/HouseRules116thCong. The Republican Leader and Republican Whip decline to join in this motion.

subpoenas. The Committees seek to intervene to defend their significant interests in the enforcement of their subpoenas. Only the Committees can adequately defend their own interests in this action. And the Committees have acted expeditiously to intervene, filing this motion—with the consent of all parties—only four days after the complaint was filed. *See* Compl. (Apr. 29, 2019), ECF No. 1.

The Committees have broad legislative, investigative, and oversight authority. *See* Rule X, Rules of the U.S. House of Representatives (116th Cong.). Pursuant to this authority, the Committees are conducting various investigations on issues of national significance. The Committee on Financial Services is conducting wide-ranging investigations of the adequacy of existing policies and programs at financial institutions to ensure the safety and soundness of lending practices, including the prevention of loan fraud, industry compliance with banking statutes and regulations—including Bank Secrecy Act compliance, particularly in the areas of correspondent banking and Know Your Customer/Anti-Money Laundering policies—and the use of anonymous corporations to place illicit funds into legitimate investments. HPSCI is conducting investigations into efforts by Russia and other foreign entities to influence the U.S. political process during and since the 2016 election—including financial or other leverage that foreign actors may have over President Donald J. Trump, his family, and his business interests and associates—and the counterintelligence, national security, and legislative implications thereof. HPSCI is also evaluating whether the structure, legal authorities, policies, and resources of the U.S. Government's intelligence, counterintelligence, and law enforcement elements are adequate to combat this threat to U.S. national security.

In furtherance of these ongoing investigations, the Committees issued the challenged subpoenas: the Committees issued substantially identical subpoenas to Deutsche Bank and the Committee on Financial Services separately issued a subpoena to Capital One. The subpoenas seek financial records relating to President Trump, his immediate family, and related entities. Plaintiffs filed their complaint on April 29, 2019, ECF No. 1, and intend to file a motion for preliminary injunction by May 3, 2019. The parties negotiated a highly expedited briefing schedule, and the Committees have therefore postponed the return date for the challenged subpoenas until seven days after this Court rules on Trump's motion. ECF No. 21. The Court has already entered the parties' agreed-upon briefing schedule and set a hearing for May 22, 2019. ECF No. 22.

The Court should grant the Committees' motion to intervene as of right. To intervene as of right, "an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996) (quoting Fed. R. Civ. P. 24(a)(2)). The Committees satisfy that standard here: They promptly sought intervention; they have a substantial interest in compliance and enforcement of their subpoenas; and they would be severely prejudiced if they were not allowed to participate in this action to protect their interests, which are not adequately represented by any of the parties. On similar facts, courts have allowed

House Committees to intervene to protect their interests in ensuring compliance with subpoenas issued to third parties.[2]

*First*, the Committees filed this letter-motion seeking leave to intervene as expeditiously as possible—just four days after plaintiffs filed their complaint. During that four-day period, the parties negotiated an agreement on intervention and scheduling. *Second*, the Committees have a substantial, legally protected interest in ensuring a proper response to subpoenas issued in furtherance of their constitutional legislative and oversight authorities. *See generally Comm. on the Judiciary, U.S. House of Representatives v. Miers*, 558 F. Supp. 2d 53 (D.D.C. 2008). The response to the subpoenas from the banks will aid the Committees in carrying out their legislative duties and determining whether to amend existing laws or propose new legislation. *Third*, and relatedly, this action threatens to impair the Committees' legally protected interests because Trump seeks to prevent the banks from producing any records in response to the Committees' subpoenas. *Finally*, Deutsche Bank and Capital One—which are private firms—do not adequately represent the Committees' interests in ensuring compliance with their subpoenas. The banks, in fact, have no legal interest in the Committees' legislative or oversight prerogatives; their interest is limited to determining their obligation to comply with the subpoenas. *United States v. Am. Tel. & Tel. Co.*, 551 F.2d 384, 385 (D.C. Cir. 1976) (recognizing the House was "the real defendant in interest" and AT&T "ha[d] no stake in the controversy beyond knowing whether its legal obligation is to comply with the subpoena or not").

The Committees also readily satisfy the three requirements for Article III standing: (1) injury in fact, (2) causation, and (3) redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Courts have routinely held that the House and its Committees have standing to enforce Congressional subpoenas. *See, e.g.*, *Miers*, 558 F. Supp. 2d at 69 ("[T]he House has standing to invoke the federal judicial power to aid in its investigative function."); *U.S. House of Representatives v. U.S. Dep't of Commerce*, 11 F. Supp. 2d 76, 86 (D.D.C. 1998) ("[I]t [is] well established that a legislative body suffers a redressable injury when that body cannot receive information necessary to carry out its constitutional responsibilities."). Plaintiffs seek to prevent production of responsive records, and this Court may grant the Committees the relief they seek: namely, an order confirming that the subpoenas are valid and enforceable.

If the Court finds that the Committees do not satisfy the standard for intervention as of right, it should permit the Committees to intervene under Rule 24(b)(1)(B). The Committees expeditiously moved to intervene and have a claim or defense that shares a common question of law with the main action: the enforceability of the Committees' subpoenas to the banks. This timely intervention will not delay the case or prejudice the parties. *See* Fed. R. Civ. P. 24(b)(3).

For the foregoing reasons, the Court should grant the Committees' motion to intervene.

---

[2] *See, e.g.*, Order, *Trump, et al. v. Cummings, et al.*, No. 1:19-cv-01136 (D.D.C. Apr. 29, 2019) (granting Committee on Oversight and Reform's motion for leave to intervene to defend subpoena issued to Mazars USA, LLP, an accounting firm that prepared financial statements for President Trump); *Bean LLC v. John Doe Bank*, 291 F. Supp. 3d 34, 39 (D.D.C. 2018) (noting that the court had granted House Committee's motion to intervene in a suit brought by bank's client challenging subpoena issued to bank for client's financial records).

        Respectfully submitted,

        /s/ Douglas N. Letter
        Douglas N. Letter
           *General Counsel*
        Todd B. Tatelman
           *Deputy General Counsel*
        Megan Barbero
           *Associate General Counsel*
        Brooks M. Hanner
           *Assistant General Counsel*

        OFFICE OF GENERAL COUNSEL
        U.S. HOUSE OF REPRESENTATIVES[*]
        219 Cannon House Office Building
        Washington, D.C. 20515
        Telephone: (202) 225-9700
        douglas.letter@mail.house.gov

cc:    All counsel who have appeared in this case (via ECF)

---

[*] Attorneys for the Office of General Counsel for the U.S. House of Representatives are "entitled, for the purpose of performing the counsel's functions, to enter an appearance in any proceeding before any court of the United States or of any State or political subdivision thereof without compliance with any requirements for admission to practice before such court." 2 U.S.C. § 5571.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD J. TRUMP; DONALD J. TRUMP, JR.; ERIC TRUMP; IVANKA TRUMP; THE DONALD J. TRUMP REVOCABLE TRUST; THE TRUMP ORGANIZATION, INC.; TRUMP ORGANIZATION LLC; DJT HOLDINGS LLC; DJT HOLDINGS MANAGING MEMBER LLC; TRUMP ACQUISITION LLC; and TRUMP ACQUISITION, CORP., <br><br>     *Plaintiffs*, <br><br> v. <br><br>DEUTSCHE BANK AG and CAPITAL ONE FINANCIAL CORP., <br><br>     *Defendants*, <br><br>COMMITTEE ON FINANCIAL SERVICES OF THE U.S. HOUSE OF REPRESENTATIVES and PERMANENT SELECT COMMITTEE ON INTELLIGENCE OF THE U.S. HOUSE OF REPRESENTATIVES, <br><br>     *Intervenor-Defendants.* | Case No. 1:19-cv-03826-ER |

**[PROPOSED] ORDER GRANTING MOTION TO INTERVENE OF COMMITTEE ON FINANCIAL SERVICES OF THE U.S. HOUSE OF REPRESENTATIVES AND PERMANENT SELECT COMMITTEE ON INTELLIGENCE OF THE U.S. HOUSE OF REPRESENTATIVES**

  It is SO ORDERED that the motion of the proposed intervenor-defendants Committee on Financial Services and Permanent Select Committee on Intelligence of the U.S. House of Representatives (Committees) is GRANTED.

  IT IS FURTHER ORDERED

THAT the intervenor-defendant Committees shall comply with the deadlines set forth in this Court's May 1, 2019 order setting a briefing schedule (ECF No. 22).

Dated: _____                    _____
                                     Judge Edgardo Ramos
                                     UNITED STATES DISTRICT COURT JUDGE

Copies to:

William S. Consovoy
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Blvd.
Suite 700
Arlington, VA  22201
will@consovoymccarthy.com

James Alwin Murphy
MURPHY & MCGONIGLE, P.C.
1185 Avenue of the Americas, 21st Floor
New York, NY 10036
jmurphy@mmlawus.com

Marc Lee Mukasey
MUKASEY FRENCHMAN & SKLAROFF
250 Park Avenue, 7th Floor
New York, NY 10177
mukaseym@gtlaw.com

Deutsche Bank, AG
60 Wall Street
New York, NY  10005