

Ten Post Office Square
8th Floor South PMB, #706
Boston, MA 02109
617.227.0548
www.consovoymccarthy.com

May 3, 2019

The Hon. Edgardo Ramos
U.S. District Judge
Thurgood Marshall U.S. Courthouse
Courtroom 619
40 Foley Square
New York, NY 10007

Re:     *Donald J. Trump et al v. Deutsche Bank, AG et al,* No. 1:19-cv-03826-ER

Dear Judge Ramos:

On behalf of Plaintiffs, and following the Court's Individual Rules of Practice, I write to request a conference to discuss Plaintiffs' desire for limited expedited discovery in advance of the preliminary-injunction hearing. Specifically, Plaintiffs seek an order requiring the Intervenor-Defendant Committees to give Plaintiffs copies of the subpoenas on or before May 14, so their purpose and scope can be fairly challenged by Plaintiffs in their reply brief and assessed by the Court at the upcoming hearing. Plaintiffs asked the Committees for the subpoenas many times, and the Committees (through counsel) declined those requests in writing on April 22, 2019, and May 3, 2019.[1]

This Court has broad discretion to order expedited discovery in appropriate cases. *See* FRCP 26(d)(1) (authorizing discovery outside the usual time frame set forth by Rule 26(f) by "court order"); *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005) (concluding that the rules permitting expedited discovery "confide the matter to the Court's discretion" and should be assessed "under the flexible standard of reasonableness and good cause"); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (same).[2]

---

[1] Plaintiffs also requested copies from the Defendant Banks on April 19 and May 3. Counsel for Deutsche Bank and Capital One responded that Plaintiffs should direct their request to the Committees, and they declined to produce them directly to Plaintiffs absent the Committees' consent.

[2] Other courts in this district have applied a more rigorous standard, similar to that for a preliminary injunction. *See, e.g.*, *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982); *North Atlantic Operating Co., Inc. v. Evergreen Distributors, LLC*, 293 F.R.D. 363, 367 (E.D.N.Y. 2013) (combining both tests). Given the need for the actual subpoenas here and the lack of any apparent harm from their disclosure, Plaintiffs' limited request for production of the subpoenas satisfies either standard.

There is good cause to require disclosure of the subpoenas at issue here. The merits of this case revolve entirely around the alleged legislative purpose of these subpoenas, their overly broad scope, and whether they seek information protected by the Right to Financial Privacy Act, 12 U.S.C. §3501 *et seq*. While the Banks have given Plaintiffs a partial description of the subpoenas, *see* Dkt. 28 Ex. B, neither the parties nor this Court should be forced to make assumptions or guess about the specific parameters of the requests. Indeed, it is impossible for the parties or the Court to even consider ways to narrow this dispute without analyzing the actual requests by the Committees.

Nor would disclosure of the subpoenas cause any apparent harm. The parties already have a general description of them from one of the Banks, and the Committees' chairs have disclosed their existence and discussed their contents with the media.[3] Other subpoenas seeking similar types of information are a matter of public record.[4] And in resisting Plaintiffs' request for the subpoenas, the Committees cited no concerns about secrecy or national security, but simply invoked "long-standing practice." Dkt. 28 Ex. A.

Under these circumstances, there is good cause to disclose the subpoenas to Plaintiffs before the close of the accelerated briefing schedule and the scheduled May 22 hearing on the preliminary injunction. Plaintiffs believe this request is straightforward and does not require formal motion practice, but will take any further action that the Court deems appropriate. Counsel is available for a conference at the Court's convenience.

Sincerely,

*/s/ Patrick Strawbridge*

---

[3] *See, e.g.*, Emily Flitter & David Enrich, *Deutsche Bank Is Subpoenaed for Trump Records by House Democrats*, New York Times (Apr. 15, 2019), nyti.ms/2Xa90V6; Kelsey Snell, *Congress Subpoenas Deustche Bank as Part of Democrats' Probe of Trump Finances*, NPR (Apr. 16, 2019 9:59 A.M.), n.pr/2KJTHBj.

[4] *See, e.g.,* 4/12/2019 Memo. from Chairman Elijah E. Cummings to Members of Cmte. on Oversight & Reform, politi.co/2PJf5Wg (containing proposed subpoena to Mazars USA LLP for financial statements prepared on behalf of President Trump).