19-1540-cv  
Donald J. Trump v. Deutsche Bank AG

N.Y.S.D. Case # 19-cv-3826(ER)

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2019

Motions filed: September 11, 2019  
               September 18, 2019

Motions Decided: October 10, 2019

Docket No. 19-1540-cv

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Oct 10 2019
```

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD J. TRUMP, DONALD J. TRUMP, JR., ERIC TRUMP, IVANKA TRUMP, DONALD J. TRUMP REVOCABLE TRUST, TRUMP ORGANIZATION, INC., TRUMP ORGANIZATION LLC, DJT HOLDINGS LLC, DJT HOLDINGS MANAGING MEMBER LLC, TRUMP ACQUISITION LLC, TRUMP ACQUISITION, CORP.,

            Plaintiffs - Appellants,

            v.

DEUTSCHE BANK AG, CAPITAL ONE FINANCIAL CORPORATION,

            Defendants - Appellees,

COMMITTEE ON FINANCIAL SERVICES OF THE UNITED STATES HOUSE OF REPRESENTATIVES, PERMANENT SELECT COMMITTEE ON INTELLIGENCE OF THE UNITED STATES HOUSE OF REPRESENTATIVES,

            Intervenor Defendants – Appellees,

1

CERTIFIED COPY ISSUED ON 10/10/2019

THE ASSOCIATED PRESS, CABLE NEWS NETWORK, INC., THE NEW YORK TIMES COMPANY, POLITICO LLC, WP CO. LLC, DOW JONES & COMPANY, INC., REUTERS NEWS & MEDIA INC.,

    Movants.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before: NEWMAN, HALL, and LIVINGSTON, *Circuit Judges*.

    Motions to intervene and to unseal unredacted letter sent August 27, 2019, by Deutsche Bank AG to Clerk of Court, Second Circuit Court of Appeals, and filed under seal.

    Motions to intervene GRANTED; motions to unseal DENIED.

> Patrick Strawbridge, Consovoy McCarthy PLLC, Boston, MA (William S. Consovoy, Cameron T. Norris, Consovoy McCarthy PLLC, Arlington, VA, Marc Lee Mukasey, Mukasey Frenchman & Sklaroff LLP, New York, NY) for Plaintiffs-Appellants Donald J. Trump, Donald J. Trump, Jr., Eric Trump, Ivanka Trump, Donald J. Trump Revocable Trust, Trump Organization, Inc., Trump Organization LLC, DJT Holdings LLC, DJT Holdings Managing Member LLC, Trump Acquisition LLC, Trump Acquisition, Corp.
>
> Douglas N. Letter, General Counsel, U.S. House of Representatives, Washington, D.C. (Todd B. Tatelman, Dep. General Counsel, Megan Barbero, Josephine Morse, Assoc. General Counsel, Office of General Counsel, U.S. House of Representatives, Washington,

---

[1] Movants are added to this opinion's caption for the sole purpose of ruling on this motion. The official caption will remain unchanged.

2

D.C.), for Intervenor Defendants-Appellees Committee on Financial Services and Permanent Select Committee on Intelligence of the United States House of Representatives.

Parvin D. Moyne, Akin Gump Strauss Hauer & Feld LLP, New York, NY (Thomas C. Moyer, Raphael A. Prober, Steven R. Ross, Akin Gump Strauss Hauer & Feld LLP, Washington, D.C.), for Defendant-Appellee Deutsche Bank AG.

James A. Murphy, Murphy & McGonigle, PC, New York, NY (Steven D. Feldman, Murphy & McGonigle, PC, New York, NY), for Defendant-Appellee Capital One Financial Corporation.

Jacquelyn Schell, Ballard Spahr LLP, New York, NY (Jay Ward Brown, Ballard Spahr LLP, New York, NY) for Movants The Associated Press, Cable News Network, Inc., The New York Times Company, POLITICO LLC, WP Co. LLC, Dow Jones & Company, Inc., and Reuters News & Media Inc.

JON O. NEWMAN, Circuit Judge:

This opinion considers motions by several news organizations to intervene in a pending appeal and to unseal an unredacted letter filed in this Court on August 27, 2019, under seal in that appeal. *See Trump v. Deutsche Bank, AG*, No. 19–1540 (2d Cir. argued Aug. 23, 2019). The letter was filed by Deutsche Bank AG in

an appeal from an Order denying a preliminary injunction sought by President Donald J. Trump, members of his family, and several affiliated entities ("Appellants") to prevent compliance with subpoenas issued to Deutsche Bank and Capital One Financial Corporation by two committees of the United States House of Representatives. The subpoenas seek production of numerous documents, including tax returns. The appeal is still pending. Unsealing the letter is sought to learn the redacted names of taxpayers whose income tax returns are in Deutsche Bank's possession. Appellants in the pending appeal and Deutsche Bank oppose the motion.

The motions to intervene are GRANTED; the motions for unsealing are DENIED.

Background

On April 11, 2019, the House Committee on Financial Services and the House Permanent Select Committee on Intelligence (collectively, "Committees") issued subpoenas to Deutsche Bank and Capital One (collectively, "Banks"), seeking production of numerous documents, including tax returns of several persons and entities listed in the subpoenas. On the appeal from the Order denying Appellants' motion for a preliminary injunction to prevent compliance

4

with the subpoenas, none of the briefs filed by the parties indicated which, if any, tax returns within the coverage of the subpoenas were in the possession of either of the Banks. In fact, none of the parties' briefs mentioned tax returns, either to oppose or require their disclosure.

At oral argument on August 23, we asked counsel for each of the Banks whether it had in its possession any tax returns within the coverage of the subpoenas. Counsel for Deutsche Bank initially replied that he could not answer the question, but, after some colloquy with the panel, agreed to submit a letter of further explanation. Counsel for Capital One took the same position. After oral argument, on August 26 we ordered each of the Banks to state "whether it has in its possession any tax returns of any of the individuals or entities named or referred to (directly or indirectly) in paragraph 1 of the subpoenas" and, if either bank believed "in good faith that all or part of its response to this Order is entitled to confidentiality, it shall set forth the basis of such belief in its response." No. 19–1540, Dkt. No. 156 (Aug. 26, 2019). On August 27, we entered an order informing the Banks that if they filed an unredacted letter under seal, a redacted version of the letter served on the Committees should be served on Appellants and filed on the public docket. *See id.*, Dkt. No. 157.

On August 27, the Banks filed responses. Capital One stated that it had no tax returns sought by the subpoena it had received.[2] Deutsche Bank filed a redacted version of a letter[3] and also filed under seal an unredacted version of the letter.[4] The redacted version reported that Deutsche Bank had tax returns responsive to the subpoenas, redacted the names of the taxpayers who had filed those returns, and provided arguments to support the redaction of those names. The sealed unredacted version of Deutsche Bank's letter provided the taxpayers' names.

The filing of Deutsche Bank's unredacted letter under seal prompted several news organizations ("Media Coalition") to file a motion on Sept. 11 seeking leave to intervene and to unseal the unredacted version of the letter.[5] On Sept. 18, other news organizations filed a similar motion.[6] Also on Sept. 18, we ordered the parties to the underlying appeal to file responses to the motions to intervene and unseal.

---

[2] *See* Letter from James A. Murphy to Clerk of Court, Second Circuit Court of Appeals, No. 19–1540, Dkt. No. 162 (Aug. 27, 2019).

[3] *See* Letter from Raphael A. Prober to Clerk of Court, Second Circuit Court of Appeals, No. 19–1540, Dkt. No. 161 (Aug. 27, 2019).

[4] *See* Letter from Raphael A. Prober to Clerk of Court, Second Circuit Court of Appeals, No. 19–1540, Dkt. No. 165 (Aug. 27, 2019).

[5] Motion to Intervene and to Unseal Judicial Records, No. 19–1540, Dkt. No. 168 (Sept. 11, 2019). The motion was filed by The Associated Press, Cable News Network, Inc., The New York Times Company, POLITICO LLC, and WP Co. LLC.

[6] Motion of Additional Media Entities to Intervene and to Unseal Judicial Records, No. 19–1540, Dkt. No. 181 (Sept. 18, 2019). The motion was filed by Dow Jones & Company, Inc. and Reuters News & Media Inc.

On Sept. 27, responses were received from Appellants, Deutsche Bank, Capital One, and the Committees.

The initial arguments of the movants are set forth in a memorandum accompanying the Media Coalition's motion to intervene and unseal. With respect to the movants' request to intervene, the parties to the underlying appeal either take no position or have no objection.[7] With respect to the movants' request to unseal, Appellants and Deutsche Bank oppose unsealing,[8] the Committees oppose unsealing to the extent that the named individuals or entities are not parties,[9] and Capital One takes no position.[10] The movants have supplemented their initial arguments with a memorandum replying to Appellants' and Deutsche Bank's opposition to unsealing ("Movants' Reply Memorandum").[11]

---

[7] *See* Motions to Intervene and Unseal, Certification pursuant to Local Rule 27.1(b), No. 19–1540, Dkt. Nos. 168, 181 (Sept. 11, 2019).

[8] *See* Plaintiffs–Appellants' Opposition to Motion to Unseal, No.19–1540, Dkt. No. 186 (Sept. 27, 2019); Response of Deutsche Bank AG to Media Coalition's Dow Jones', and Reuters' Motions to Intervene and Unseal Judicial Records, No. 19–1549, Dkt. No. 184 (Sept. 27, 2019).

[9] *See* Letter from Douglas N. Letter to Clerk of Court, Second Circuit Court of Appeals, No. 19–1540, Dkt. No. 190 (Sept. 27, 2019).

[10] *See* Letter from James A. Murphy to Clerk of Court, Second Circuit Court of Appeals, No. 19–1540, Dkt. No. 188 (Sept. 27, 2019).

[11] Media Coalition's Reply in Support of Its Motion to Intervene and to Unseal Judicial Records, No. 19–1540, Dkt. No. 193 (Oct. 4, 2019).

Discussion

I. Intervention

"Representatives of the press . . . 'must be given an opportunity to be heard on the question of their exclusion'" from a court proceeding, *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982) (quoting *Gannett Co. v. DePasquale*, 443 U.S. 368, 401 (1979) (Powell, J., concurring)), and we have recognized a similar right of news media to intervene in this Court to seek unsealing of documents filed in a court proceeding, *see Roe v. United States*, Nos. 10–2905, 11–479, Dkt. No. 409 (2d Cir. Apr. 10, 2017) (granting motion of Forbes Media LLC and one of its editors to intervene). We will grant the motions to the extent that they seek intervention.

II. Unsealing

Sealing documents filed with a court implicates a common law and a qualified First Amendment right of access to such documents. *See Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004). The initial issue on a request to unseal a document filed in a court is whether it is a "judicial document." *See Lugosch*, 435 F.3d at 119.

8

"[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). "In order to be designated a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Lugosch*, 534 F.3d at 119 (quoting *Amodeo*, 44 F.3d at 145).

Usually determination of whether a sealed item is a judicial document is made with respect to the entirety of the item; the news media want the whole document unsealed, and the proponent of sealing wants it to remain sealed. In this case, however, the sealed letter from Deutsche Bank combines two names that have been redacted from the letter with an argument supporting redaction. The argument portion of the letter is already on the public docket in the form of the redacted version of the letter. So the issue is narrowed to whether the two redacted names constitute a "judicial document."

The redaction of these two names presents at least a potential issue as to whether they are relevant to the performance of a judicial function. In considering that issue, we note that none of the parties briefing the underlying appeal thought

9

that the Court needed to know whether Deutsche Bank had any tax returns within the coverage of the subpoenas or the names of any such taxpayers filing such returns. Their briefs did not indicate that such information was relevant to any issue we needed to decide in the appeal. Nevertheless, Media Coalition contends in its initial submission that the information in the sealed letter "is analogous to documents submitted for consideration on a motion for summary judgment."[12] Documents of that type are generally relevant to a decision on such a motion. "Our precedents indicate that documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Lugosch*, 435 F.3d at 121. All such information will usually be relevant to a court determining whether there is a "genuine dispute as to any material fact," Fed. R. Civ. P. 56(a), or whether a party "is entitled to judgment as a matter of law," *id.*

In the pending appeal, the basic issue is whether Appellants are entitled to preliminarily enjoin compliance with the subpoenas, and, as to that broad issue, the two names are not necessarily relevant. With one exception, the identity of the

---

[12] Motion to Intervene and to Unseal Judicial Records at 9, No. 19–1540, Dkt. No. 168 (Sept. 11, 2019).

taxpayers whose returns are within the coverage of the subpoenas will not be relevant to our decision on review of the Order denying an injunction. That exception would arise if one of the taxpayers is the President, who, it should be noted, is one of the Appellants seeking the injunction. Even though the President is not suing in his official capacity, as his complaint explicitly acknowledges and no claim of executive privilege has been asserted in the underlying appeal, disclosure of a president's tax returns might raise an issue meriting consideration distinct from that given to disclosure of the returns of other taxpayers.

However, the unredacted letter from Deutsche Bank has removed that potential issue from the appeal because that letter reports that the only tax returns it has for individuals or entities named in the subpoenas are not those of the President. In light of that response, information in the sealed letter, *i.e.*, the identity of the two taxpayers whose tax returns Deutsche Bank has, is not relevant to any issue we need to decide. The fact that Deutsche Bank has their tax returns adds nothing to the arguments of the parties in the pending appeal.

The Movants, in their reply memorandum, no longer contend that the sealed information is analogous to documents submitted on a motion for summary judgment. Their latest filing contends that the sealed information qualifies as a

11

"judicial document" because "the right of access attaches when documents are *submitted* to the court for consideration, regardless of whether or not the court at some point thereafter relies upon them . . . ." Movants' Reply Memorandum at 4 (emphasis in original). We agree that court reliance is not the test. "[T]he proper inquiry is whether the documents are relevant to the performance of the judicial function, not whether they were relied upon." *Brown*, 929 F.3d at 50.

Because the sealed letter (more precisely, the only portion of the letter that is sealed) is not relevant to any issue in the underlying appeal, it is not a "judicial document" within the meaning of the decisions requiring unsealing of documents filed with a court. Nor is it a record of any court action, which, absent special circumstances, would be available for public scrutiny.

## Conclusion

Accordingly, the motions to intervene are GRANTED, and the motions for unsealing are DENIED.

12

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit