**MANDATE**

United States Court of Appeals
FOR THE
SECOND CIRCUIT

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Dec 30 2020

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand twenty.

Present:

        Debra Ann Livingston,
            *Chief Judge*,
        Jon O. Newman,
        Peter W. Hall,
            *Circuit Judges*.

---

DONALD J. TRUMP, DONALD J. TRUMP, JR., ERIC TRUMP, IVANKA TRUMP, DONALD J. TRUMP REVOCABLE TRUST, TRUMP ORGANIZATION, INC., TRUMP ORGANIZATION LLC, DJT HOLDINGS LLC, DJT HOLDINGS MANAGING MEMBER LLC, TRUMP ACQUISITION LLC, TRUMP ACQUISITION, CORP.,

        *Plaintiffs-Appellants*,

      v.

DEUTSCHE BANK AG, CAPITAL ONE FINANCIAL CORPORATION,

        *Defendants-Appellees*,

COMMITTEE ON FINANCIAL SERVICES OF THE UNITED STATES HOUSE OF REPRESENTATIVES, PERMANENT SELECT COMMITTEE ON INTELLIGENCE OF THE UNITED STATES HOUSE OF REPRESENTATIVES,

        *Intervenor Defendants-Appellees.*

**ORDER**
No. 19-1540-cv

---

MANDATE ISSUED ON 12/30/2020

PER CURIAM:

The judgment of the Supreme Court in the captioned case having been received on August 10, 2020, and the parties having submitted their views as to the appropriate disposition of the appeal, it is hereby ORDERED that the case is remanded to the District Court for further proceedings in compliance with the Supreme Court's decision. *See Trump v. Mazars USA, LLP*, 140 S. Ct. 2019 (2020).

Jon O. Newman, Circuit Judge, concurring:

This case, before us on remand from the Supreme Court, *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019 (2020), concerns a constitutional challenge to identical subpoenas issued to Deutsche Bank AG ("Deutsche Bank") by the House Permanent Select Committee on Intelligence ("HPSCI") and the House Committee on Financial Services ("HCFS") (collectively "Committees").[1] The subpoenas seek a number of documents that contain or reveal non-official information of the President.

I concur in the Court's decision to remand this case to the District Court to determine whether the subpoenas comply with the standards announced by the Supreme Court in *Mazars*, *see id.* at 2035–36, that apply to compelled disclosure of what the Supreme Court called the "President's personal information" ("PPI"), *id.* at 2035. However, because the ultimate issue of validity arises in a context that the Supreme Court stated it had never previously considered—"a congressional subpoena for the President's information," *id.* at 2026—I deem it appropriate to identify some preliminary issues that the District Court might find it useful to consider. Before identifying those issues, I note that the Committees have narrowed the scope of their subpoenas to Deutsche Bank. *See* Letter from Douglas N. Letter, General Counsel, U.S. House of Representatives, to Catherine O'Hagan Wolfe, Clerk of Court (Aug. 26, 2020) ("Aug. 26 Letter").

One preliminary issue likely to arise in the District Court is which documents responsive to the narrowed subpoenas contain or reveal PPI and which, if any, do not. Related to that issue is likely to be whether any reason exists for not ordering prompt compliance with the subpoenas to the extent that they require production of documents that do not contain or reveal PPI ("PPI documents"), *i.e.*, documents, in whole or in part, not subject to *Mazers*.

---

[1] A separate subpoena issued by HCFS to Capital One Financial Corporation has been withdrawn and is no longer part of this case.

This case was consolidated in the Supreme Court with a case challenging different subpoenas issued by the Committees to the accounting firm Mazars USA, LLP. *See Trump v. Mazars USA*, No. 19-715 (U.S. Dec. 13, 2019). That consolidation does not affect the individual status of this case in this Court and the District Court after the Supreme Court's remand.

This case is also distinct from another case brought by the President to prevent enforcement of a New York County grand jury subpoena seeking the same information sought by the Committees' subpoenas. *See Trump v. Vance*, 395 F. Supp. 3d 283 (S.D.N.Y. 2019), *aff'd in part, vacated in part, and remanded*, 941 F.3d 631 (2d Cir. 2019), *aff'd and remanded*, 140 S. Ct. 2412 (2020), *on remand from Supreme Court*, No. 19 Civ. 8694 (VM), 2020 WL 4861980 (S.D.N.Y. Aug. 20, 2020), *aff'd*, 977 F.3d 198 (2d Cir. Oct. 7, 2020), *application for stay filed*, No. 20-20A63 (U.S. Oct. 13, 2020).

Also related to the preliminary issue of identifying PPI documents is likely to be the procedural issue of how the interests of the contending sides are to be protected in the identification of PPI documents. Once Deutsche Bank makes an initial determination of which documents are responsive to the modified subpoenas, it is likely that the Plaintiffs will contend that the Bank has included for disclosure too many documents and the Committees will contend that the Bank has identified for disclosure too few documents. Perhaps their contentions can be made to the District Court by reference to particular subparagaphs of the subpoenas.

However, if resolution of the likely contending claims requires viewing particular documents, a likely issue will be how to maintain appropriate secrecy lest the very act of making claims impairs interests of the President entitled to protection. A similar issue sometimes arises in commercial litigation in which discovery is sought for documents that contain sensitive information such as revenue, profits, and trade secrets, and now in the digital era, computer code. The issue often arises in patent litigation, a field in which several courts have developed useful solutions. *See* Peter S. Menell. *et al.*, Patent Case Management Judicial Guide, appx. 2.4, at 2-123 to 2-170 (collecting local court rules) (3d ed. 2016). Notable among such solutions are multi-tiered protective orders permitting inspection of some documents by adversary parties under confidentiality agreements, other more sensitive documents only by adversary counsel, and extremely sensitive documents only by a neutral third party. The District Court might find it useful to consider using some of these protective devices.

Another issue likely to arise on remand is the precise scope of the narrowed subpoenas issued to Deutsche Bank. The Committees have indicated in the Aug. 26 Letter the steps they have taken to narrow the subpoenas. Further indication of the steps taken to narrow the HPSCI subpoena is set forth in an Aug. 25, 2020, Memorandum prepared by HPSCI Chairman Adam Schiff for HPSCI members, which is an addendum to the Aug. 26 letter. Both the Aug. 26 letter and Chairman Schiff's Memorandum use descriptive terms to identify the categories of documents now sought. If disputes arise as to which documents are now sought by the narrowed subpoenas, the District Court might consider requiring the Committees to identify the precise scope of each subparagraph of the subpoenas as narrowed.

In considering how to resolve the issues identified as likely to arise, the District Court can be expected to invite the parties' views on these and any other relevant issues.

Nothing in this concurring opinion should be understood as imposing any requirements on the District Court. My hope is that the identification of issues likely to arise on remand might be helpful to Judge Ramos.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit